Robin F. Wynne, Justice, concurring.
I join the majority on the first point, but write separately on the second point because Kellon's argument regarding his proffered jury instructions merits a more thorough examination. Kellon argues, as he did to the trial court, that modifications to the model jury instructions were warranted in his case. Specifically, Kellon contends that in situations where the elements of the greater and lesser included charges are identical, the jury should not be instructed on the order of jury deliberations, nor should the jury be instructed that it must acquit the defendant of the greater offense before moving on to the lesser included offense; he further contends that the jury should not be instructed that the subject of punishment may not be discussed or considered. This argument is different from a challenge to the constitutionality of our capital felony-murder *210 statute, which this court has previously rejected. Hill v. State , 344 Ark. 216, 40 S.W.3d 751 (2001) (argument that capital felony-murder charge should have been quashed by the circuit judge because it was unconstitutionally vague); Cromwell v. State , 269 Ark. 104, 598 S.W.2d 733 (1980) (void-for-vagueness challenge, court held "no constitutional infirmity in the overlapping of the [capital felony murder and first-degree felony murder statutes], because there is no impermissible uncertainty in the definition of the offenses"). In looking at the specific argument made in this case, I see an inherent conflict in the model instructions when the elements of the two offenses are identical. As stated in Kellon's brief: "In order to find Appellant guilty of felony murder in the first degree, the jury would first have to unanimously determine that the State had not proven each of the elements of capital felony murder, and then without more added or taken away, turn around and determine that the State had proven each of those very same elements with regard to first degree felony murder." When there is a basis for giving a lesser-included instruction, surely the jury instructions must allow for meaningful consideration of the lesser-included offense.
In sum, while I am not convinced that reversible error occurred here, I believe that the Committee on Criminal Jury Instructions should consider revising the instructions relating to first-degree felony murder as a lesser-included offense of capital felony murder.
Josephine Linker Hart, Justice, concurring in part and dissenting in part.
I agree with the majority's discussion and disposition of Kellon's first argument. The trial court did not commit reversible error by declining to suppress Kellon's confession. However, I disagree with the majority's discussion and disposition of Kellon's second argument, for many of the reasons set out in Justice Wynne's concurrence. The jury instructions in this case are problematic, and their use warrants reversal.
The majority characterizes Kellon's second argument as "an attempt to relitigate a thoroughly settled legal tension by other means." Justice Wynne points out that this is not the case; Kellon is not arguing that the offenses with which he is charged are unconstitutionally vague (see, e.g. , Hill v. State , 344 Ark. 216, 40 S.W.3d 751 (2001) ; Cromwell v. State , 269 Ark. 104, 598 S.W.2d 733 (1980) ) or that the jury was instructed on a crime with which he has not been properly charged (see, e.g. , Sanders v. State , 305 Ark. 112, 805 S.W.2d 953 (1991) ). Instead, Kellon is arguing that the jury instructions in this case negated the jury's ability to convict him of first-degree felony murder instead of capital felony murder. The jury instructions in question read as follows: Lorenzo Kellon is charged with capital murder. This charge includes the lesser offense of murder in the first degree. You may find the defendant guilty of one of these offenses or you may acquit him outright.
If you have a reasonable doubt of the guilt of the defendant on the greater offense, you may find him guilty only of the lesser offense. If you have a reasonable doubt as to the defendant's guilt on all offenses you must find him not guilty.
Lorenzo Kellon is charged with the offense of capital murder. To sustain this charge, the State must prove the following things beyond a reasonable doubt:
First, that Lorenzo Kellon committed or attempted to commit the crime of aggravated robbery; and, second, that in the course of and in furtherance of that crime or attempt, or in the immediate flight therefrom, Lorenzo Kellon caused the *211 death of Hardip Singh under circumstances manifesting an extreme indifference to the value of human life ...
If you have reasonable doubt of the defendant's guilt on the charge of capital murder, you will then consider the charge of murder in the first degree.
These instructions would not be problematic, except that the elements of capital felony murder, an offense with more weighty punishment[1] than first-degree felony murder, are exactly the same as the elements of first-degree felony murder. The very next lines in the jury instructions were as follows:
To sustain [the charge of murder in the first degree], the State must prove the following things beyond a reasonable doubt:
First, that Lorenzo Kellon committed or attempted to commit the crime of aggravated robbery; and, second, that in the course of and in furtherance of that crime or attempt, or in the immediate flight therefrom, Lorenzo Kellon caused the death of Hardip Singh under circumstances manifesting an extreme indifference to the value of human life ...
In your deliberations, the subject of punishment is not to be discussed or considered by you. If you return a verdict of guilty, the matter of punishment will be submitted to you separately.
The problem is readily apparent. While the first paragraph of the instructions purported that the jury could convict Kellon of either capital felony murder or first-degree felony murder, the later paragraphs made it clear that the only way the jury could even get to first-degree felony murder would be to first acquit Kellon of capital felony murder. As such, there was no scenario in which the jury could convict Kellon of first-degree felony murder, as the elements of capital felony murder, which the jury was required to address before it could consider first-degree felony murder, are exactly the same as the elements of first-degree felony murder.
Kellon spelled this out at length for the circuit court, yet the circuit court refused to accept Kellon's proposed modifications to the jury instructions. Kellon's proposed modifications were reasonable and would have taken nothing away from the prosecutor's ability to argue that the elements of the offenses had been established. I feel that the circuit court failed to give Kellon's argument and proposed instructions due consideration, and that this error was extremely prejudicial to Kellon's rights.
I respectfully dissent.

Ark. Code Ann. § 5-10-101(c)(1) provides that capital murder is punishable by death or life imprisonment without the possibility of parole. Ark. Code Ann. § 5-10-102(c) provides that first-degree murder is a Class Y felony. Ark. Code Ann. § 5-4-401(a)(1) provides that a conviction for a Class Y felony is punishable by a sentence of "not less than ten (10) years and not more than forty (40) years, or life[.]"